IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHIRLEY ROE,
:
       Plaintiff,
:
  vs.                                    Case No. 3:04cv429
:
ESTEE LAUDER COMPANIES, INC.,     JUDGE WALTER HERBERT RICE
:
       Defendant.

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #44), WITH ONE EXCEPTION; OVERRULING PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #46), WITH ONE EXCEPTION; AND SUSTAINING DEFENDANT'S MOTION (DOC. #47) TO STRIKE PLAINTIFF'S NOTICE OF RIGHT TO SUE (DOC. #45); DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. #17) SUSTAINED; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

---

Based upon the reasoning and citations of authority set forth in the Report and Recommendations of Magistrate Judge Sharon Ovington (Doc. #44), with one exception, said Report and Recommendations are adopted in their entirety. The Plaintiff's Objections (Doc. #46) to said judicial filing are overruled, with one, non-dispositive exception. The exception is that this Court does not agree with Judge Ovington's finding that the evidence fails to raise a genuine issue of material fact concerning the question of whether Plaintiff suffered an adverse employment

action as a result of being told that she could not work until given medical clearance by her doctor. See Doc. #44 at 18. This Court does, however, agree with Judge Ovington that the evidence fails to raise a genuine issue of material fact as to whether similarly situated white employees were subjected to similar adverse employment actions. The Plaintiff's objections are sustained on this point and otherwise overruled. Given that Plaintiff has failed to establish a genuine issue of material fact on the fourth prong of McDonnell Douglas, she has failed to establish a prima facie case and, accordingly, the Court sustains the Defendant's Motion for Summary Judgment (Doc. #17).

With respect to the Plaintiff's contention that she did not consent to the exercise of jurisdiction by Judge Ovington, § 636(b)(1) of Title 28 of the United States Code authorizes this Court to refer a motion for summary judgment to the Magistrate Judge for a report and recommendations, as it did in this litigation. Of course, this Court is obligated by that statutory provision to conduct a de novo review of such a judicial finding. Herein, therefore, this Court has conducted a de novo review of Judge Ovington's Report and Recommendations (Doc. #44).[1]

In addition, given that the Plaintiff filed her Notice of Right to Sue (Doc. #45) five days after the Magistrate Judge recommended that the Court grant the

---

[1] In conducting that review, this Court has applied Burlington Northern and Santa Fe v. White, — U.S. —, 126 S.Ct. 2405 (2006), when determining whether the evidence raises a genuine issue of material fact concerning the question of whether Plaintiff suffered an adverse employment action. That decision has lessened the burden on an employment discrimination plaintiff to establish that she has suffered such. Parenthetically, even under the more stringent, pre-Burlington Northern decisions, this Court would have concluded that the evidence raises a genuine issue of material fact on the question of whether Plaintiff suffered an adverse employment action, when she was told she could not work until cleared by her physician, a period which lasted for more than several months.

Defendant's request for summary judgment, a Notice which appears to set forth new evidence on then-existing claims and even new claims, the Court sustains the Defendant's Motion to Strike the Plaintiff's Notice of Right to Sue (Doc. #47).

Judgment is to be entered in favor of Defendant and against Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.[2]

|  |  |
|---|---|
|  | /s/ Walter Herbert Rice |
| March 30, 2007 | WALTER HERBERT RICE<br>UNITED STATES DISTRICT JUDGE |

Copies to:

Shirley Roe, Pro Se
Melinda K. Burton, Esq.

---

[2] Plaintiff has this day filed a Reply to Defendant's Response to Disclosing Confidential Settlement Negotiations (Doc. #52) and Motion to Withdraw Amended Notice of Right to Sue Letter (Doc. #53). Other than mooting the need to have stricken the Notice of Right to Sue in the above Opinion, nothing in today's filings by Plaintiff change either the reasoning or the results of reached herein.